# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 14, 2013

## JEREMIE ALAN THOMAS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
No. 2010-B-1430    Steve Dozier, Judge

---

**No. M2012-02522-CCA-R3-PC - Filed February 6, 2014**

---

Petitioner, Jeremie Alan Thomas, appeals from the dismissal of his petition for post-conviction relief after an evidentiary hearing. Petitioner sought relief from his convictions for two counts of especially aggravated kidnapping, one count of especially aggravated robbery, and one count of aggravated robbery. Petitioner pled guilty to these charges as a result of a negotiated plea agreement, and he received all concurrent sentencing with an effective sentence of 20 years of incarceration. On appeal Petitioner asserts that his guilty pleas were not knowingly and voluntarily entered due to ineffective assistance of trial counsel. After a thorough review of the briefs and the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Emily Todoran, Nashville, Tennessee, for the appellant, Jeremie Alan Thomas.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Guilty Pleas*

At the guilty plea submission hearing the Assistant District Attorney gave a lengthy summarization of Petitioner's criminal activities necessary to establish a factual basis for

each guilty plea. In response to questioning from the trial court throughout the hearing, Petitioner answered, under oath, that the factual statements given by the prosecutor were true, that no person was forcing him in any way whatsoever to enter the guilty pleas, that he had been able to discuss with trial counsel the charges pending against him, that he was satisfied with trial counsel's representation, and that there was no investigation he wanted done that trial counsel failed to perform. Also, Petitioner responded that there were no motions that he wanted filed that trial counsel refused to pursue, and no witnesses that trial counsel had failed to interview.

*Post-Conviction Hearing*

The only witnesses who testified at the post-conviction hearing were Petitioner and trial counsel. As relevant to his arguments on appeal Petitioner provided the following testimony. Petitioner stated that trial counsel represented him for about one and one-half years while his case was pending, first in Juvenile Court and then in Criminal Court after a transfer hearing. He said trial counsel met with him at the jail "about five [times] at the most." He further testified that each visit was for only about fifteen minutes. Petitioner added that trial counsel never provided him with discovery information produced by the State, and trial counsel never showed him a video of the statement he gave to police. Petitioner stated that he had asked trial counsel for a copy of the State's discovery response. Furthermore, Petitioner stated that trial counsel never discussed with him the facts of the case. He elaborated that trial counsel never shared with him what evidence the State was prepared to present at trial and never discussed any possible defenses Petitioner might have to the charges.

Petitioner admitted in his testimony that trial counsel went over with him all of the criminal charges pending against Petitioner. Trial counsel advised Petitioner of how many years he potentially faced if he was convicted of the charges after a trial. During his testimony, Petitioner repeatedly stated in various ways that one of the examples of trial counsel's ineffective assistance of counsel was her failure to get the State to offer an effective sentence of less than 20 years.

Trial counsel testified that she was appointed as Petitioner's counsel in Juvenile Court after his first attorney was permitted to withdraw. At her request Petitioner had a forensic mental evaluation done in Criminal Court. The conclusion was that Petitioner was competent to be tried in court. Trial counsel testified she met with Petitioner frequently. She discussed the pending charges and the possible punishment Petitioner faced if convicted. She also went over the State's evidence with Petitioner, including the information provided in discovery submitted by the State.

Regarding plea negotiations, trial counsel testified that initially the State refused to make any offer to settle the cases. Later the State offered an effective sentence that was more than the Range Petitioner was subject to in each separate case if he went to trial. Finally, the State offered a within-range effective sentence of 20 years and indicated that was definitely the State's final offer.

Trial counsel recalled going over the details of the plea agreement with Petitioner twice at jail and then again at the courthouse prior to entry of the guilty pleas. Trial counsel testified that she believed that Petitioner knew exactly what he was doing and what was going on during the negotiated guilty plea process. The transcript of the guilty pleas submission hearing was also made an exhibit at the post-conviction hearing.

The trial court took the matter under advisement at the conclusion of the evidentiary hearing. Subsequently the trial court entered an order denying relief. In this order the trial court set forth the following findings of fact after summarizing the evidence presented at the hearing:

> The Court is of the opinion that the Petitioner failed to prove that his counsel was ineffective or that his plea was unknowingly or involuntarily entered by clear and convincing evidence. The Court accredits the testimony of trial counsel that she advised the petitioner as to the charges against him, the possible sentences he faced, and the consequences of the plea. The Court finds the petitioner was informed and had sufficient knowledge of the nature and consequences of the plea and that he voluntarily chose to enter the guilty plea as evidenced by the transcript of the plea. (Exhibit 1).

> Based upon the foregoing analysis, the Court finds that the petitioner has failed to provide the factual allegations in his petition by clear and convincing evidence. He has not demonstrated by the requisite standard that counsel's performance was deficient or that he would have insisted on going to trial but for counsel's errors. Therefore, the petition is dismissed.

*Analysis*

In order to be granted post-conviction relief, a petitioner must prove the factual allegations supporting relief by clear and convincing evidence at an evidentiary hearing. T.C.A. § 40-30-110(f); *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). The trial court's factual findings in its ruling in a post-conviction proceeding "are conclusive on appeal unless the evidence preponderates against those findings." *Jaco v. State*, 120 S.W.3d 828, 830

(Tenn. 2003).  Appellate review of legal issues, or of mixed questions of fact and law, such as in a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.  *Pylant v. State*, 263 S.W.3d 854, 867-68 (Tenn. 2008).  A petitioner must satisfy both prongs of the two-prong test to prove ineffective assistance of counsel which is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Dellinger v. State*, 279 S.W.3d 282, 293 (Tenn. 2009).  These prongs are (1) deficient performance of counsel, defined as "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 687-88, and (2) prejudice to the defendant, defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Dellinger*, 279 S.W.3d at 293.  If the petitioner fails to establish either one of the prongs, that is a sufficient basis to deny relief, and the other prong does not need to be addressed. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004).

As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea.  *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L. Ed. 2d 203 (1985).  When determining the knowing and voluntary nature of a guilty plea, the standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L. Ed. 2d 162 (1970); *see also State v. Pettus*, 986 S.W.2d  540, 542 (Tenn. 1999).

In order for a guilty plea to be voluntary, the petitioner must have an understanding of the charges against him and the consequences of pleading guilty, including "the sentence that he will be forced to serve as the result of his guilty plea and conviction."  *Blakenship v. State*, 858 S.W.2d 897, 905 (Tenn. 1993).  A petitioner's solemn declaration in open court that his or her plea is knowing and voluntary creates a formidable barrier in any subsequent collateral proceeding because these declarations "carry strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L. Ed. 2d 136 (1977).

In this case Petitioner argues that he was tricked, coerced, and pressured into entering the guilty pleas because of trial counsel's ineffective assistance.  We see no error in the trial court's decision dismissing the petition for post-conviction relief.  The transcript of the guilty pleas totally contradicts Petitioner's assertions that trial counsel rendered deficient representation that resulted in guilty pleas which were not knowingly and voluntarily entered. The trial court explicitly credited the testimony of trial counsel that she had advised Petitioner of the charges against him, the possible punishment he faced, and the consequences of his plea.  The trial court summarized the testimony of Petitioner and trial counsel, and implicitly credited the testimony of trial counsel when the trial court determined that Petitioner had "failed to prove the factual allegations in his petition by clear and convincing evidence."

-4-

The record in this case fully supports the trial court's decision.  Accordingly, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE